No. 25-11458-D

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

SCOTT ALEXANDER JOHNSTONE,

*Appellant,*

vs.

DISCOVER BANK FINANCIAL SERVICES D/B/A DFS SERVICES LLC,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 23-14340-CIV-MAYNARD

# BRIEF OF APPELLEE

Sara L. Solano
BURR & FORMAN LLP
200 E. Broward Blvd., Ste. 1020
Fort Lauderdale, FL 33301
T: (954) 414-6200
F: (954) 414-6202
ssolano@burr.com
rzamora@burr.com
flservice@burr.com

David A. Elliott
BURR & FORMAN LLP
420 North 20th Street, Ste. 3400
Birmingham, AL 35203
T: (205) 251-3000
F: (205) 413-8701
delliott@burr.com
tsmyth@burr.com

COUNSEL FOR APPELLEES

No. 25-11458-D

*Scott Alexander Johnstone v. Discover Bank Financial Services d/b/a DFS Services, LLC*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Burr & Forman, LLP

Capital One, N.A.

Capital One Financial Corporation (ticker symbol: COF)

Capobianco, Linda, Esq.

Discover Bank, N.A.

Discover Financial Services (ticker symbol: DFS)

Elliott, David A., Esq.

Johnstone, Scott Alexander

Mills-Maynard, Hon. Shaniek, U.S. Magistrate Judge

Solano, Sara L., Esq.

Stone, Jerome A., Esq.

Stone & Capobianco, P.L.

*s/Sara L. Solano*
Sara L. Solano

One of the Attorneys for Appellees

**OF COUNSEL**
Burr & Forman LLP
200 E. Broward Blvd., Ste. 1020
Fort Lauderdale, FL 33301
(954) 414-6200
ssolano@burr.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Capital One, N.A., as successor-by-merger to Discover Bank, N.A., incorrectly named herein as Discover Bank Financial Services d/b/a DFS Services, LLC ("Discover" or "Appellee") contends that oral argument will not significantly aid the Court's decisional process. The parties' briefs and the record before this Court adequately present the facts and legal arguments at issue in this appeal, and the appeal does not involve any novel question of law for which oral argument would be helpful. Accordingly, under Federal Rule of Appellate Procedure 34(a)(2) and Eleventh Circuit Rule 28-1(c), Appellee requests that the Court not set this appeal for oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........ i

STATEMENT REGARDING ORAL ARGUMENT ........ iii

TABLE OF CONTENTS ........ iv

TABLE OF CITATIONS ........ vi

I. STATEMENT OF JURISDICTION ........ 1

II. STATEMENT OF ISSUES ........ 3

III. STATEMENT OF THE CASE ........ 4

A. Nature of the Case ........ 4

B. Course of Proceedings and Dispositions ........ 4

C. Statement of the Facts ........ 7

D. Standard of Review ........ 12

IV. SUMMARY OF THE ARGUMENT ........ 12

V. ARGUMENT ........ 14

A. Johnstone Waived The Arguments in His Opening Brief Because He Failed to Raise Them in District Court. ........ 14

B. The District Court Correctly Granted Summary Judgment in Discover's Favor on the Breach of Contract Claim. ........ 20

1. No genuine dispute of material fact exists as to the timeliness of Johnstone's notification to Discover. ........ 20

a. Unauthorized transactions began as early as October 2018, making any notice by Johnstone on or after July 2019 untimely, barring his claims against Discover. ........ 21

b. The evidence establishes that Discover did not receive notice of unauthorized activity until December 2019, more than 60 days after the transfers allegedly began. ........ 24

2. The undisputed facts do not support any finding of a breach of contract by Discover. ........ 28

C. Summary Judgment Should be Affirmed on the Claims for Civil Theft, Breach of Fiduciary Duty, Fraud, and Constructive Fraud as These Holdings are Unchallenged by Johnstone........ 31

VI. CONCLUSION ........ 34

CERTIFICATE OF COMPLIANCE........ 36

CERTIFICATE OF SERVICE........ 37

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Access Now, Inc. v. Sw. Airlines Co.*,
385 F.3d 1324 (11th Cir. 2004) .................................... 14, 15, 19, 20, 33

*Bryant v. Jones*,
575 F.3d 1281 (11th Cir. 2009) ..................................................... 14, 33

*Capten Trading Ltd. v. Banco Santander Int'l*,
17-20264-CIV, 2018 WL 1558272 (S.D. Fla. Mar. 29, 2018) ...............29

*Crowley Am. Transp., Inc. v. Richard Sewing Mach. Co.*,
172 F.3d 781 (11th Cir. 1999) ..............................................................29

*Douse v. Metro Storage, LLC*,
770 F. App'x 550 (11th Cir. 2019) .......................................................33

*Ellis v. England*,
432 F.3d 1321 (11th Cir. 2005) ............................................... 12, 22, 24

*Feliciano v. City of Miami Beach*,
707 F.3d 1244 (11th Cir. 2013) ...........................................................27

*In re Pan Am. World Airways*,
905 F.2d 1457 (11th Cir. 1990) ...........................................................14

*Johnstone v. State*,
298 So. 3d 660 (Fla. 4th DCA 2020).......................................................9

*Lovett v. Ray*,
327 F.3d 1181 (11th Cir. 2003) ...........................................................33

*Rollins, Inc. v. Butland*,
951 So. 2d 860 (Fla. 2d DCA 2005) .....................................................29

*S.E.C. v. McClintock*,
688 F. App'x 774 (11th Cir. 2017) ................................ 14, 15, 19, 20, 33

*Tolan v. Cotton*,
572 U.S. 650 (2014) .......................................................................27

**Statutes**

12 U.S.C. § 215a(e) .............................................................................1

# I. STATEMENT OF JURISDICTION

Appellant Scott Alexander Johnstone[1] brought claims against Appellee Capital One, N.A., as successor-by-merger to Discover Bank, N.A., incorrectly named herein as Discover Bank Financial Services d/b/a DFS Services, LLC[2] of (1) breach of contract, (2) civil theft, (3) breach of fiduciary duty, (4) fraud, and (5) constructive fraud, seeking damages exceeding $400,000 arising out of allegations that funds were mishandled

---

[1] Hereinafter, Plaintiff-Appellant Scott Alexander Johnstone is referred to as "Johnstone" or "Appellant."

[2] Hereinafter, Defendant-Appellee Discover Bank Financial Services d/b/a DFS Services, LLC is referred to as "Discover" or "Appellee."

On May 18, 2025, Discover Bank ("Discover") merged into and became part of Capital One, N.A. ("CONA"). As a result of this merger, Discover no longer exists and CONA continues to operate as the sole surviving entity. The National Bank Act provides that the surviving entity in a merger of a state into a national bank is "deemed to be the same corporation as each bank or banking association participating in the merger," and that all "rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in" the surviving entity. 12 U.S.C. § 215a(e).

Thus, in accordance with the National Bank Act, CONA holds all of the same property rights and interests that Discover Bank had prior to the merger, including but not limited to the rights in existing Discover Bank accounts and receivables, and is Discover Banks's successor-in-interest in any pending litigation and matters before any Federal or state court.

and/or stolen from Johnstone's accounts with Discover. (ECF No. 1-1, Complaint at 5–13.) On October 31, 2023, Discover removed the case to the United States District Court for the Southern District of Florida on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) At the time of removal, Johnstone was a citizen of Florida living in Okeechobee County, Florida. (ECF No. 1-1 ¶ 3; *see also* ECF No. 18.) The proper defendant to the lawsuit was Discover Bank, a federally insured bank chartered and incorporated in the state of Delaware. (ECF No. 15; ECF No. 16.) Discover's parent corporation at the time of removal was Discover Financial Services, a publicly traded corporation with its principal place of business in Riverwoods, Illinois and incorporated in Delaware. (ECF No. 15; ECF No. 16.) The two defendants Johnstone initially named were Discover Financial Services and Secretary Philip J. Castrogiovanni, a citizen of Illinois. (ECF No. 15; ECF No. 16.) Thus, complete diversity existed between the parties. Because the complaint sought damages exceeding the jurisdictional limit of $75,000.00, the district court had subject matter jurisdiction over Johnstone's claims. (ECF No. 1-1 ¶ 15.) Johnstone filed a Motion to Remand on November 28,

2023, which the district court properly denied on January 18, 2024. (ECF No. 9; ECF No. 18.)

On November 27, 2024, Discover moved for summary judgment on all claims asserted. (ECF No. 37; ECF No. 38.) On March 31, 2025, the district court entered an order granting summary judgment for Discover favor on all of Johnstone's claims, as well as final judgment in Discover's favor. (ECF No. 56; ECF No. 57.) Johnstone filed a notice of appeal on April 28, 2025. (ECF No. 58.)

## II. STATEMENT OF ISSUES

1. By failing to raise them in Johnstone's briefing in front of the district court, did Johnstone waive his arguments that (i) no unauthorized transfers occurred before July 2019, and (ii) Discover breached the Deposit Account Agreement by failing to close Johnstone's accounts?

2. Did the district court properly conclude that no genuine dispute of material fact existed as to the untimeliness of any notice to Discover regarding unauthorized activity in Johnstone's accounts where deposition testimony and other supporting evidence established that

Johnstone failed to timely dispute the transactions at issue with Discover?

3. Has Johnstone waived his right to raise any argument as to the district court's summary judgment on the claims of civil theft, breach of fiduciary duty, fraud, and constructive fraud by failing to raise them in Johnstone's opening brief on appeal?

## III. STATEMENT OF THE CASE

### A. Nature of the Case

This is an appeal by Johnstone of the district court's final summary judgment in favor of Discover. (ECF No. 56.) Johnstone asserted five separate claims against Discover all arising out of allegations that an individual had made a series of unauthorized transactions on Johnstone's Discover bank accounts from approximately October 2018 through December 2019 while Johnstone was incarcerated. (ECF No. 1-1 at 5–13.) During the briefing on these issues, Johnstone failed to address several of Discover's arguments supporting summary judgment, waiving any further argument on those issues on this appeal. (*See* ECF No. 44; ECF No. 45.) The district court ultimately agreed with Discover and entered summary judgment on all claims. (ECF No. 56.)

### B. Course of Proceedings and Dispositions

Johnstone filed his complaint against Discover on July 10, 2023 in the Circuit Court of the Nineteenth Judicial Circuit in and for Okeechobee County, Florida, therein asserting claims for (1) breach of contract; (2) civil theft; (3) breach of fiduciary duty; (4) fraud; and (5) constructive fraud. (ECF No. 1-1 at 5–13.) On October 31, 2023, based upon diversity jurisdiction Discover removed the case to the U.S. District Court for the Southern District of Florida. (ECF No. 1.) The district court denied Johnston's motion to remand on January 18, 2024. (ECF No. 18.)

On November 27, 2024, after the parties had completed discovery, Discover moved for summary judgment on all claims asserted. (ECF No. 37; ECF No. 38.) On December 23, 2024, Johnstone filed his response in opposition to the motion for summary judgment, disputing some of the statements of fact and making the following arguments: (1) Article 4A of the Uniform Commercial Code ("UCC") applies to the transactions at issue; (2) the facts support a finding that Johnstone timely disputed the transactions at issue with Discover by submitting written notice on July 10, 2019; (3) Discover breached the Deposit Account Agreement by failing to promptly investigate the transactions; and (4) Johnstone's claims are not barred by the statute of limitation because of equitable tolling. (ECF

No. 44; ECF No. 45.) Discover filed its reply on January 7, 2025. (ECF No. 48; ECF No. 49.)

On March 31, 2025, the district court entered an order granting summary judgment in Discover's favor on all claims, as well as final judgment in Discover's favor. (ECF No. 56.) Of particular note, the court's order held that (1) the arguments relating to Article 4A of the UCC were waived, as no claims under the UCC were asserted in the complaint, and many of the transactions fell outside the scope of Article 4A; (2) the testimony and supporting facts established that Johnstone did not provide timely notice of the disputed transactions, as the complaint alleged that they first occurred in 2018, yet the earliest Johnstone claimed to have provided notice was July 2019; (3) Johnstone failed to identify any provision of the contract that Discover breached in connection with the investigation of the transactions; (4) the civil theft claim was barred by the parties' contractual relationship; (5) Johnstone provided no evidence that Discover received any funds from the alleged unauthorized transfers, also defeating the civil theft claim; (6) Discover had no fiduciary relationship with Johnstone and thus owed him no fiduciary duty; (7) Johnstone presented no evidence of any actual

knowledge by Discover of the fraudulent nature of the transactions as required for fraud; and (8) Johnstone presented no evidence of any false statements by Discover at any time. (*Id.*) The Court did not rule on the alternative grounds Discover asserted based upon the statute of limitations and independent tort doctrine. (*Id.* at 14 n.2.) Johnstone filed a notice of appeal on April 28, 2025. (ECF No. 58.)

### C. **Statement of the Facts**

Johnstone opened four separate accounts with Discover between June 2, 2015 and October 24, 2017, including two online savings accounts and two cashback debit accounts (collectively, the "Accounts"). (ECF No. 37-1 ¶¶ 4–7; ECF No. 38 ¶¶ 1–4.) In conjunction with these Accounts, Johnstone agreed to the terms of Discover's Deposit Account Agreement. (ECF No. 37-1 ¶ 8; ECF No. 38 ¶ 5.) The most recent Deposit Account Agreement governing Johnstone's Accounts was updated in 2019 (the "Governing Agreement"). (ECF No. 37-1 ¶¶ 9–12, 14–15; ECF No. 38 ¶¶ 6–9, 11–12.) None of these facts are disputed. (ECF No. 38 ¶¶ 1–9, 11–12; ECF No. 45 ¶¶ 1–9, 11–12.)

The Governing Agreement contains a section entitled "Statement Error Resolution", which states, "***[i]f you do not notify us*** of

unauthorized or altered items, or other errors (other than EFTs), or of a missing statement ***within 60 days after a statement is mailed or otherwise made available, then you waive all claims*** you may have against us regarding these items." (ECF No. 37-1 at p. 282 (emphasis added); *see also* ECF No. 37-1 at pp. 27, 249.) Furthermore, this section provides:

> If you do not call or write us regarding an item that you did not authorize or that contains an unauthorized alteration within 30 days after a statement is mailed or otherwise made available, we are not liable to you for subsequent unauthorized transactions on your Account that we could have prevented if you had timely told us of the unauthorized alteration.

(*Id.* at pp. 27, 249, 282.) Similarly, the section of the Deposit Account Agreement entitled "Electronic Fund Transfer" states in relevant part:

> **(e) Your Liability for Unauthorized Transfers**
>
> Tell us AT ONCE if you believe your Debit Card or PIN has been lost or stolen, or if you believe that an electronic fund transfer has been made without your permission using information from your check, by calling us at 1-800-347-7000 or by writing us at Discover Bank, PO Box 30411, Salt Lake City, UT 84130-0411. Telephoning is the best way of keeping your possible losses down. You could lose all the money in your Account. If you tell us within two (2) Business Days after you learn of the loss or theft of your Debit Card or PIN, you can lose no more than $50 if someone used your Debit Card or PIN without your permission. ***If you do NOT tell us within two (2) Business Days after you learn of the loss or theft of your Debit Card or PIN, and we can prove we could***

> ***have stopped someone from using your Debit Card or PIN without your permission if you had told us, you could lose as much as $500.*** Also, if your statement shows transfers that you did not make, including those made by card, code or other means, tell us AT ONCE. ***If you do not tell us within 60 days after the statement was made available to you, you may not get back any money you lost after the 60 days if we can prove that we could have stopped someone from taking the money if you had told us in time.*** If a good reason (such as a long trip or a hospital stay) kept you from telling us, we will extend the time periods.

(*Id.* at p. 285 (emphasis added).)

On or about December 20, 2013, prior to opening the Accounts, Johnstone was adjudicated guilty on 10 counts of possession of child pornography and was incarcerated. (ECF No. 37–5.) Upon completion of his sentence, Johnstone was placed on sex offense probation. (ECF No. 37-5; ECF No. 37-6.) A probation violation hearing was conducted on December 21, 2018, which resulted in the revocation and termination of Johnstone's sex offender probation, and Johnstone was sentenced to five years' incarceration. *See Johnstone v. State*, 298 So. 3d 660, 663 (Fla. 4th DCA 2020); (ECF No. No. 37-6; 38 ¶¶ 15–18.) As of the date of this brief, Johnstone remains incarcerated in the Okeechobee County Jail in Florida. (ECF No. 37-2 at 28:2–28:19.) These facts are likewise undisputed. (ECF No. 38 ¶¶ 14–19; ECF No. 45 ¶¶ 14–19.)

During his incarceration, Johnstone granted permission to his cellmate's mother to enter Johnstone's home, where he kept sensitive financial information, including the account numbers and PIN numbers for his Accounts. (ECF No. 37-2 at 70:20–71:11, 71:20–71:24.) Again, these facts are undisputed. (ECF No. 38 ¶¶ 20–21; ECF No. 45 ¶¶ 20–21.) Then, at some point during Johnstone's incarceration, a series of unauthorized transactions occurred in the Accounts, as well as accounts he had with other financial accounts. (ECF No. 1-1 ¶ 7; ECF No. 37-2 at 100:06–100:23; ECF No. 38 ¶¶ 22–23.) Johnstone now belatedly disputes on appeal the date these transactions began, but the complaint expressly alleges that they began in October 2018, and the evidence—including Johnstone's deposition testimony—establish that they began around October 2018. (ECF No. 1-1, Complaint, ¶ 7; ECF No. 37-2 at 99:24–101:02.)

Further, Johnstone testified at his deposition that any charges after October 2018 were unauthorized, with the only two exceptions being automatic withdrawals by the electric company and direct deposits by the Office of Personnel Management. (ECF No. 37-2 at 99:24–101:02.) Other testimony by Johnstone suggested that the transactions began in March

2019. (*Id.* at 72:07–73:21.) Notably, in the statement of undisputed material facts, Johnstone *did not dispute* Discover's statement that the funds in the Accounts were "spent through a series of debit card, wire transfer, check, and Automated Clearing House ("ACH") transactions *beginning in October of 2018*." (ECF No. 38 ¶ 23; ECF No. 45 ¶ 23; ECF No. 48 ¶ 23.)

Discover continued providing monthly statements to Johnstone during his incarceration, including the months of October 2018 through December 2019. (ECF No. 37-1 ¶ 19; ECF No. 38 ¶ 24.) Johnstone claims he discovered the unauthorized activity in July 2019, and he claims he sent notice of the unauthorized activity to Discover on July 10, 2019, although Johnstone's testimony on this point is inconsistent at best. (ECF No. 37-2 at 101:21–102:24, 137:06–137:19.) Indeed, when asked about the allegations in the Complaint that he notified Discover on July 10, 2019, Johnstone testified, "No, I found out later on about the Discover, and wrote them a letter. I don't know – I would have to say that there's something with that statement that might not be correct. It might be that I wrote Citibank on that particular day that there's something missing from there. So, yeah, that particular date of writing them is not –

probably not correct." (ECF No. 37-2 at 137:06–137:19.) He then identified the estimated timeframe of when he might have notified Discover as being between November 2019 and February 2021. (*Id.* at 137:20–138:12.) Discover presented evidence that it did not receive any such notice until December 2019, at which time funds had already been withdrawn from the Accounts. (ECF No. 37-1 ¶¶ 20–21, 24–25.)

### D. <u>Standard of Review</u>

This Court reviews *de novo* the district court's grant of Discover's Motion for Summary Judgment. *See Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). The Court in *Ellis* explained, in pertinent part:

> Summary judgment is appropriate where the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. ***For factual issues to be considered genuine, they must have a real basis in the record*. *For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion*.**

*Id.* at 1325–26 (emphasis added) (citations omitted).

## IV. <u>SUMMARY OF THE ARGUMENT</u>

The district court granted summary judgment in Discover's favor on all claims asserted in the complaint, including claims for 1) breach of

contract; (2) civil theft; (3) breach of fiduciary duty; (4) fraud; and (5) constructive fraud. The district court's ruling is correct and should be affirmed. In his Opening Brief, Johnstone argues only that (a) a genuine dispute of fact exists as to whether Johnstone's notice to Discover of unauthorized transactions was timely, based on a new assertion that the unauthorized transactions began in July 2019, which Johnstone alleges supports his breach of contract claim, and (b) summary judgment should be reversed on the breach of contract claim for the additional reason that Discover failed to close the Accounts upon request.

Johnstone waived these arguments because he did not raise them in the district court. It is well accepted that arguments raised for the first time on appeal may not be considered by the Court subject to a limited number of narrow exceptions. Johnstone did not raise either of these arguments in response to Discover's motion for summary judgment or at any other time before the district court. Because none of the exceptions apply, Johnstone has waived these arguments on appeal, and they cannot support reversal of the district court's entry of summary judgment. Second, the district court's order granting summary judgment should be affirmed because the undisputed material facts do not support a finding

that Discover breached any term of the Governing Deposit Account Agreement. Finally, because Johnstone has not challenged the district court's holdings regarding the remaining claims for civil theft, breach of fiduciary duty, fraud, and constructive fraud, he has waived any argument on those claims. For all of these reasons, the Court should affirm in its entirety the district court's order granting summary judgment for Discover on all claims.

## V. ARGUMENT

### A. Johnstone Waived The Arguments in His Opening Brief Because He Failed to Raise Them in District Court.

It is well accepted that this Court generally "will not consider an argument raised for the first time on appeal." *S.E.C. v. McClintock*, 688 F. App'x 774, 776 (11th Cir. 2017); *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) (explaining that a party waives the right to raise an argument on appeal where the party fails to sufficiently brief an issue for the district court) *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (detailing circumstances constituting waiver of an argument raised for the first time on appeal). "To properly preserve an issue for appeal, a party must clearly present it to the district court in such a way as to afford the district court an opportunity to recognize and

rule upon it." *McClintock*, 688 F. App'x at 777 (citing *In re Pan Am. World Airways*, 905 F.2d 1457, 1462 (11th Cir. 1990)). The Court has recognized only five exceptions:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*Id.* (citing *Access Now, Inc.*, 385 F.3d at 1332). Johnstone failed to raise his new arguments in front of the district court, and none of the exceptions apply to save them.

The crux of Johnstone's argument on appeal is his allegation that a genuine dispute of fact exists as to whether he sent written notice to Discover on July 10, 2019 disputing the transactions, which he claims is material because "the earliest date that can be used as the starting point for calculating timely notification per the deposit account agreement is the date that the July 2019 account statement was made available to Mr. Johnstone." Johnstone bases this argument on the *new contention* that no unauthorized transactions occurred prior to July 2019. (*See* Appellant's Opening Brief, ECF No. 17 at p. 21.) At no point prior to this

appeal, however, has Johnstone argued that the unauthorized transactions began in July 2019. (*See, e.g.*, ECF No. 1-1; ECF No. 45.)

Johnstone's complaint alleges, "During Johnstone's incarceration with the Florida Department of Corrections in 2018, large amounts of money appeared to go missing from Johnstone's Discover accounts." (ECF No. 1-1 ¶ 7.) When asked in interrogatories, Johnstone did not identify a specific date the transactions occurred, instead claiming that he needed additional documents to review. (ECF No. 37-4 at p. 6 ¶¶ 4–5.) In his deposition, Johnstone testified that any charges to his Discover accounts after October 2018 were unauthorized, with the only two exceptions being automatic withdrawals by the electric company and direct deposits by the Office of Personnel Management, and while he did not know the specific date it began, he suggested it was as early as March 2019. (ECF No. 37-2 at 72:07–73:21, 99:24–101:02.) At no time has Johnstone testified that unauthorized transactions first began in July 2019. (*See* ECF No. 37-2; ECF No. 37-4.)

Based on this wealth of evidence, Discover asserted in its Statement of Material Facts that "the money in Plaintiff's accounts did not 'go missing' but rather was spent through a series of debit card, wire

transfer, check, and Automated Clearing House ('ACH') transactions beginning in October of 2018." (ECF No. 38 ¶ 23.) In his Response to the Statement of Material Facts, Johnstone made only the following statement:

> Disputed. Merriam-Webster Dictionary defines 'missing' as 'absent' or 'lost.' For example, the *missing* socks turned up in the dog's special hiding place. Money in Plaintiff's accounts did go missing because previously deposited funds were absent and unavailable to Plaintiff. *See* Johnstone Depo 100:6-23.

(ECF No. 45 ¶ 23.) Notably, Johnstone did not dispute that the transactions were "beginning in October of 2018." (*See id.*) Thus, the district court accepted as undisputed the fact that the allegedly unauthorized transactions occurred in or around October 2018. (ECF No. 56 at pp. 7, 20.) If Johnstone sought to dispute the date the transactions began, he had the opportunity to present evidence contrary to Discover's assertions when opposing Discover's Motion for Summary Judgment. Rather than make this argument and present his evidence for the district court's consideration, Johnstone waited until now, on appeal, to argue that nothing unauthorized occurred prior to July 2019. Self-evidently, Johnstone cannot conjure up a material issue of fact on appeal, particularly one that is not supported by the evidence. As a result,

Johnson has waived the argument that his notification was timely based upon the unsupported assertion that the unauthorized transactions began in July 2019.

Likewise, Johnstone did not contend in any filing prior to his Opening Brief that Discover improperly failed to close the Accounts in breach of the Governing Agreement. Johnstone only argument in opposition to Discover's motion for summary judgment on his breach of contract claim stated as follows:

> The Deposit Account Agreement explicitly requires Discover to investigate and resolve claims of unauthorized transactions promptly. 37.1, Connelly Dec., Ex. A-5, p. 29. Plaintiff's testimony and Defendant's lack of evidence of a thorough investigation illustrate a clear breach.
>
> Defendant's argument that Plaintiff waived claims due to a failure to dispute transactions within 60 days is misplaced. Plaintiff's incarceration and documented efforts to notify Discover, coupled with Discover's inaction, create questions of fact.

(ECF No. 44 at p. 10.) Johnstone made no mention of any request for Discover to close the Accounts or Discover's alleged breach of the account closure provision. Thus, the district court did not consider any such argument in its final order, and Johnstone likewise waived this baseless argument. (*See* ECF No. 44; ECF No. 56.)

None of the five exceptions recognized by this Court save Johnstone's waiver of the arguments. *See McClintock*, 688 F. App'x at 777; *Access Now, Inc.*, 385 F.3d at 1332. First, both of the new arguments Johnstone has asserted present purported issues of fact, rather than a "pure question of law." Second, Johnstone had ample opportunity to present these arguments to the district court, either in his briefing on summary judgment or in a subsequent motion for relief from judgment, which Johnstone did not do. (*See* ECF No. 44; ECF No. 45.) Third, this is not a situation where "the proper resolution is beyond any doubt," as it presents—at most—a dispute that would likely be found in Discover's favor based on the evidence in the record. Finally, Johnstone cannot reasonably argue that "the interest of substantial justice is at stake", or that this issue "presents significant questions of general impact or of great public concern," as this is a straightforward case involving a contractual agreement between a consumer and a bank.

The arguments Johnstone raised in his Opening Brief, that (1) all of his unauthorized transactions occurred only after July 2019, making his July 2019 notice timely and resulting in Discover's breach of contract by failing to fully investigate the transactions, and (2) Discover breached

the Deposit Account Agreement by failing to close Johnstone's Accounts upon request, are waived due to Johnstone's failure to raise these in response to Discover's motion for summary judgment briefing or any subsequent filing with the district court. *See McClintock*, 688 F. App'x at 776–77; *Access Now, Inc.*, 385 F.3d at 1331–32. Because Johnstone waived these arguments, the Court should not consider them on appeal, and the Court should affirm the district court's order and final judgment.

### B. The District Court Correctly Granted Summary Judgment in Discover's Favor on the Breach of Contract Claim.

The Court should also affirm the district court's order granting summary judgment because the district court correctly concluded that the evidence failed to establish as a matter of law that Discover breached the terms of the Deposit Account Agreement.

#### 1. No genuine dispute of material fact exists as to the timeliness of Johnstone's notification to Discover.

First, there is no genuine dispute of material fact regarding the untimeliness of Johnstone's notification regarding the allegedly unauthorized transactions. Because Johnstone's notice was untimely, any claims regarding the transactions are barred under the terms of the parties' contract. Johnstone's Opening Brief identifies two dates at issue:

(1) the date the transactions occurred, and (2) the date of his notice. As set forth below, Johnston has not and cannot create a genuine issue of fact based upon these dates.

**a. Unauthorized transactions began as early as October 2018, making any notice by Johnstone on or after July 2019 untimely, barring his claims against Discover.**

As an initial matter, Johnstone waived the argument that no unauthorized transactions occurred before July 2019, as Johnstone did not dispute the material fact that such charges began in October 2018 for the district court to consider. *See* Section V.A., *supra*. Accepting the facts as presented to the district court—including that the transactions began in October 2018—then any notice Johnstone allegedly sent Discover in July 2019 would be untimely under the terms of the Governing Agreement, which required notice "within 60 days after a statement is mailed or otherwise made available." (ECF No. 37-1 at p. 282 (emphasis added); *see also* ECF No. 37-1 at pp. 27, 249; ECF No. 56 at pp. 19–22.) Thus, to the extent this Court finds any dispute as to whether Johnstone sent written notice to Discover on July 10, 2019, the dispute would not be material, as it would still be untimely under the Governing Agreement.

Further, while Johnstone attempts in his Opening Brief to create a dispute as to the date the transactions occurred, he has failed to identify evidence in the record supporting his claim that the charges began in July 2019. "For factual issues to be considered genuine, they must have a real basis in the record. For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis*, 432 F.3d at 1325–26 (emphasis added) (citations omitted).

Here, the evidence in the record establishes that the transactions at issue occurred sometime between October 2018 and March 2019. The complaint alleged that the charges began in October 2018. (ECF No. 1-1 ¶ 7.) Johnstone's interrogatory responses did not identify a specific date that the charges occurred, claiming he needed additional information from Discover. (ECF No. 37-4 ¶¶ 4–5.) At his deposition, when Johnstone was asked under oath if he could estimate when the alleged theft occurred, Johnstone testified, "I don't have an exact answer for you right now, but I would say give or take March of 2019." (ECF No. 37-2 at 73:15–73:21.) When asked to identify the charges that were unauthorized, he stated:

> Anything that would have taken place, with the exception of two things, that would have taken place after I was incarcerated on October -- in October of 2018.
>
> The only two things that would have been legitimate transactions on there would have been a direct -- what do you call it, they're not direct deposit, but a direct withdrawal for the electronic company, and my direct deposit from the Office of Personnel Management, my retirement.
>
> Anything else that is on there, I could not have done. I was incarcerated.

(*Id.* at 100:12–100:23.) The billing statements on the Accounts reflect multiple ACH withdrawals beyond automated bill payments between October 2018 and July 2019, all of which were unauthorized according to Johnstone's own testimony. (*See, e.g.*, ECF No. 37-1 at pp. 35–36, 39–40, 52, 67, 82.) At no point did Johnstone identified July 2019 as the date that transactions first occurred. (*See generally* ECF No. 1-1; ECF No. 37-2; ECF No. 37-4; ECF No. 45 ¶ 23.)

Now, for the first time on appeal, Johnstone attempts to create a dispute of fact by citing the billing statements on the account and the fact that the majority of allegedly unauthorized transactions occurred after Johnstone discovered the fraud in July 2019. (*See* Appellant's Opening Brief, ECF No. 17 at pp. 12–14.) However, Johnstone does not provide an explanation for the other charges and withdrawals that occurred prior to

July 2019, which Johnstone previously testified under oath were all unauthorized. (ECF No. 37-2 at 100:12–100:23.) The attempt to create a dispute of fact that is unsupported by the testimony of any party or any other evidence, fails to satisfy the summary judgment standard. *See Ellis*, 432 F.3d at 1325–26.

Thus, even if the Court considers Johnstone's new argument regarding the date of unauthorized transactions, which he waived, there still remains no genuine dispute of fact to refute that the allegedly unauthorized transactions began in or around October 2018, or at the latest, in March 2019. Accepting Johnstone's (inconsistent) testimony that he provided notice to Discover on July 10, 2019, as the district court did in its order (ECF No. 56 at p. 21), Johnstone still notified Discover of the allegedly unauthorized transactions more than 60 days after the statement reflecting them, and the Court should therefore affirm summary judgment for Discover.

**b. The evidence establishes that Discover did not receive notice of unauthorized activity until December 2019, more than 60 days after the transfers allegedly began.**

If the Court accepts the unsupported contention that unauthorized transactions began in July 2019, which it should not given the evidence

and the fact that Johnstone waived this argument, there still exists no genuine dispute of fact that Johnstone's notice to Discover was untimely, for the evidence does not support a conclusion that Johnstone gave Discover notice of the allegedly unauthorized transactions in July 2019.

To date, Johnstone has not presented a copy of the notice he claims he sent Discover. (ECF No. 37-2 at 102:16–102:19; ECF No. 56 at p. 9.) Discover presented evidence that it did not receive any written notice of the allegedly unauthorized transactions prior to December 2019. (*See* ECF No. 37-1, Connolly Dec. ¶¶ 20–24.) To support his contention that he sent Discover notice in July 2019, Johnstone relies solely upon a self-serving and conclusory statement he made in his interrogatory responses, as well as unclear and unreliable testimony at his deposition in which he initially identified July 10, 2019 as the date that he sent notice to Discover. (*See* Appellant's Opening Brief, ECF No. 17 at pp. 20–23.) However, Johnstone's Opening Brief ignores his subsequent testimony in which he *clarifies* the date notice was provided. (ECF No. 37-2 at 137:06–139:08.) When asked about the allegations in the complaint that he notified Discover on July 10, 2019, Johnstone stated:

> A. No, I found out later on about the Discover, and wrote them a letter. I don't know -- I would have to say that there's

> something with that statement that might not be correct. It might be that I wrote Citibank on that particular day that there's something missing from there. So, yeah, that particular date of writing them is not -- probably not correct.
>
> Q. Okay. Do you have an estimate of when you think you wrote Discover?
>
> A. Yeah, I wrote Discover, I know for certain that I wrote them when I came back here like we discussed before. I was in here for a year, and then I was out for December, November/December of 2019, and then January and February of 2021, I was back here, and that's pretty much what I wrote, sometime in that time frame . . .
>
> Q. Okay. So, you wrote – you contend that you wrote Discover at some point between November of 2019 and February of 2020; am I getting that window correct, or do you need -- or can we adjust that?
>
> A. That's correct. But I would say -- that is correct. I think though, that it was more January of February of -- excuse me. Let's see, I was out -- yeah, January, I believe like in January/February.

(ECF No. 37-2 at 137:13–138:12.) This subsequent, clarifying testimony has additional support from other evidence, including his July 10, 2019 police report to the Okeechobee County Sheriff, which makes no mention of Discover, and instead states that Johnstone's accounts with Pentagon Federal and Citibank had been compromised. (ECF No. 1-1 at pp. 15–22.) This is consistent with Johnstone's testimony that the July 10, 2019 notice may have been to Citibank, and that he was mistaken when he

initially identified it as the applicable date for notifying Discover. (*See* ECF No. 37-2 at 137:13–137:19.) Thus, there can be no reasonable dispute of the fact that Johnstone did not give Discover notice of the allegedly unauthorized transactions in July 2019, and instead that Discover first received any sort of notice regarding the transactions in December 2019, which would have been untimely *even if* the Court somehow determines that no unauthorized transactions occurred until July 2019.

Johnstone's attempt to construe this testimony as merely "inconsistent" and that it should go toward "weight, not admissibility or sufficiency" is wholly inapposite. (Appellant's Opening Brief, ECF No. 17 at p. 27.) The cases Johnstone cites all involve *different witnesses* who provided contradictory testimony, and the district court disregarded some of the testimony in favor of other testimony. *See Tolan v. Cotton*, 572 U.S. 650, 657–58 (2014); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252–53 (11th Cir. 2013). That is not the case here. Indeed, to properly accept *all* of Johnstone's testimony, the Court must consider his later clarification as to the date of notice. Given that clarification, in addition to the other supporting evidence in the record, there can be no

reasonable dispute of the fact that Johnstone gave notice to Citibank on July 10, 2019, provided notice to Discover on a later date, perhaps January or February of 2020, and then was initially confused before he clarified the dates at his deposition. (*See* ECF No. 37-2 at 101:21–102:24, 137:13–138:12; *see also* ECF No. 1-1 at pp. 15–22.) Therefore, the evidence establishes that no *genuine* dispute exists that Discover never received notice of the allegedly unauthorized activity prior to December 2019 and that Johnstone's notice was untimely. As a result, the Court should affirm summary judgment in Discover's favor.

**2. The undisputed facts do not support any finding of a breach of contract by Discover.**

Finally, even if the Court determines that a genuine dispute of fact exists as to the timeliness of Johnstone's notice to Discover, and reverses the district court's holding that Johnstone's claims are barred by the terms of the Deposit Account Agreement, the Court should still affirm summary judgment for Discover on the breach of contract claim because the undisputed facts do not reflect a breach by Discover of any term of the Governing Agreement.

Under Florida law, to prevail on a claim for breach of contract, a plaintiff must establish (1) existence of a contract, (2) a breach of the

contract, and (3) damages proximately caused by the breach. *See Crowley Am. Transp., Inc. v. Richard Sewing Mach. Co.*, 172 F.3d 781, 784 (11th Cir. 1999); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2005). Generic allegations of failing to act do not support a breach of contract claim where the plaintiff cannot point to a specific duty created by the parties' contract for the defendant to perform the alleged act. *See, e.g.*, *Capten Trading Ltd. v. Banco Santander Int'l,* 17-20264-CIV, 2018 WL 1558272, at *4–5 (S.D. Fla. Mar. 29, 2018) (holding that general allegations that a bank was at fault for failing to detect fraud failed to identify a breach of the parties' contract).

In his Opening Brief, Johnstone asserts that Discover breached the Governing Agreement by "failing to act" upon receiving notice from Johnstone of the allegedly unauthorized transactions. (Appellant's Opening Brief, ECF No. 17 at pp. 27–30.) However, Johnstone did not identify what "act" Discover was supposed to perform or cite any evidence supporting his contention that Discover "fail[ed] to act," instead focusing solely on the notice issue. (*See id.*) As the district court recognized, the Governing Agreement does not require Discover to "'hold funds that are deposited by the client'; 'promptly notify the client of any suspicious

activity and protect the client from such activity'; 'return available funds to the client at the client's request'; and 'provide access to the client's records at the client's request.'" (ECF No. 56 at p. 22; *see also* ECF No. 37-1 at pp. 265–88.) To the extent Johnstone attempts to claim that Discover failed to conduct a required investigation, he has failed to submit or identify any evidence regarding Discover's investigations or actions that could create a genuine issue of fact. Thus, Johnstone has failed to identify a breach by Discover, and the Court should affirm summary judgment for Discover.

The new allegation that Discover failed to close the Accounts upon Johnstone's request—raised for the first time on appeal—likewise fails to establish a breach of contract because Johnstone has not identified any supporting evidence for this contention. The Governing Agreement states:

> **(b) Closure by You**
>
> You can close your Account at any time by notifying us in person, in writing or calling us. For phone requests, we may require you to submit an Account closure request in writing.

(ECF No. 37-1 at p. 283.) In his Opening Brief, Johnstone claims that the evidence reflects a written closure request based solely upon deposition testimony in which Johnstone stated, "I said, you know, my account is

being -- my account is being attacked, or whatever wording I used, and please lock down my account. Please do not let anybody else withdraw money. I am currently incarcerated." (ECF No. 37-2 at 102:10–102:14.) Based upon Johnstone's own testimony, this likely occurred between November 2019 and February 2021, not July 10, 2019 as he initially asserted. (*Id.* at 137:20–138:12.)

Notably, nothing in this testimony reflects a request that Discover *close* the Accounts, rather than freeze the Accounts or take some other sort of action. (*See id.* at 102:10–102:14.) Indeed, when Johnstone later provided more information about this notice, he was asked, "So, it was a request to freeze the account, effectively, right?" Johnstone responded, "Yes." (*Id.* at 139:24–140:01.) Johnstone has therefore not established that he submitted any request for Discover to ***close*** the Accounts, and he cannot show that Discover failed to comply with any such request. In the event the Court does not consider this argument waived, it likewise cannot support a reversal of the district court's summary judgment in Discover's favor.

### C. Summary Judgment Should be Affirmed on the Claims for Civil Theft, Breach of Fiduciary Duty, Fraud, and Constructive Fraud as These Holdings are Unchallenged by Johnstone.

Finally, the Court should affirm the district court's order granting summary judgment for Discover on the claims for civil theft, breach of fiduciary duty, fraud, and constructive fraud. In the order, the district court granted summary judgment in Discover's favor on the civil fraud claim because (i) Johnstone's allegations of Discover all fell within the parties' contract, which alone precluded this claim, and (ii) the undisputed facts did not support a finding of the elements of civil fraud. (ECF No. 56 at pp. 24–27.) Specifically, the Court held that "there is no evidence that Discover wrongfully exercised control over Plaintiff's money or denied Plaintiff or Plaintiff's agents access to the Accounts", and "there is no evidence that Discover received any funds from the alleged unauthorized transactions." *Id.*

The district court granted summary judgment on the claim for breach of fiduciary duty based on a finding that Discover owed no fiduciary duty to Johnstone as a matter of law. (*Id.* at pp. 27–29.) The district court likewise found that the claims for fraud and constructive fraud failed as a matter of law because (i) Johnstone could not identify any facts supporting actual knowledge by Discover of the fraudulent nature of the transactions, (ii) the evidence did not contain any false

statements made by Discover to Johnstone at any time, and (iii) Discover did not owe a fiduciary duty to Johnstone, as required for constructive fraud. (*Id.* at pp. 29–32.) The district court rejected each of these claims for reasons beyond Johnstone's allegation that he timely provided written notice to Discover, and nothing raised in Johnstone's Opening Brief affects these rulings, which the Court should affirm.

To the extent Johnstone now attempts to raise an issue regarding these remaining four claims, that argument would be waived. First, this Court has recognized that a failure to raise arguments in an appellant's opening brief results in a waiver of such arguments on appeal. *See Douse v. Metro Storage, LLC*, 770 F. App'x 550 (11th Cir. 2019) (mem.) (stating that the appellant "has waived any argument" that was raised for the first time in the appellant's reply brief); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("Because he raises that argument for the first time in his reply brief, it is not properly before us.").

Second, any such arguments are also waived due to Johnstone's failure to raise them with the district court. *See McClintock*, 688 F. App'x at 776–77; *Bryant*, 575 F.3d at 1308; *Access Now, Inc.*, 385 F.3d at 1331–32. While Discover made these arguments in its Motion for Summary

Judgment, Johnstone did not challenge or rebut them in his response, and thus did not present any such argument to the district court for consideration. (ECF No. 37; ECF No. 44; ECF No. 56.) Any new arguments Johnstone may try to raise in his reply brief regarding these claims would therefore be waived, and this Court should affirm summary judgment in Discover's favor on the claims for civil theft, breach of fiduciary duty, fraud, and constructive fraud.

## VI. CONCLUSION

Johnstone's failure to timely raise his arguments in front of the district court results in his waiver of such arguments, which alone supports affirming the district court's order. Further, the record establishes that no genuine dispute of material fact exists and that Discover did not breach the contract governing Johnstone's bank accounts. Accordingly, Discover respectfully requests that this Court affirm the district court's order granting summary judgment in Discover's favor.

DATED: September 8, 2025

*s/ Sara L. Solano*
David A. Elliott, Esq.

Sara L. Solano, Esq.

**OF COUNSEL**

BURR & FORMAN LLP
200 E. Broward Blvd., Ste. 1020
Fort Lauderdale, FL 33301
T: (954) 414-6200
F: (954) 414-6202
ssolano@burr.com

BURR & FORMAN LLP
420 North 20th Street, Ste. 3400
Birmingham, AL 35203
T: (205) 251-3000
F: (205) 413-8701
delliott@burr.com

No. 25-11458-D

*Scott Alexander Johnstone v. Discover Bank Financial Services d/b/a DFS Services, LLC*

## CERTIFICATE OF COMPLIANCE

1. I hereby certify that this document complies with the type-volume and word-count limits of Fed. R. App. P. 32(a). This document contains 7,361 words, including all headings, footnotes, and quotations, and excluding the parts of the document exempted under Fed. R. App. P. 32(f).

2. This document complies with the typeface and type style requirements of Fed. R. App. P. 32(a) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*s/ Sara L. Solano*
OF COUNSEL

No. 25-11458-D

*Scott Alexander Johnstone v. Discover Bank Financial Services d/b/a DFS Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2025, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system.

*s/ Sara L. Solano*
OF COUNSEL